No. 83-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

JOHN TICE HENDRICKS,

      Defendant and Appellant.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kerry N. Newcomer, Roundup, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        William A. Douglas, County Attorney, Libby, Montana

Submitted on Briefs:  September 22, 1983

Decided:  February 27, 1984

Filed: FEB 27 1984

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On his plea of guilty, John Tice Hendricks was convicted of four counts of burglary in the District Court, Nineteenth Judicial District, Lincoln County. He was sentenced to three years on each of the four offenses, to be served consecutively, but his sentence of imprisonment was suspended upon certain conditions. One of the conditions was that he make restitution for an automobile valued at $12,000. Hendricks appeals from that portion of the sentence requiring him to make restitution for the value of the automobile.

The issue in this case is similar to that of recent cases plaguing this Court where the District Court judge refuses to accept in whole or in part the terms of a plea bargain negotiated between the defendant and the State, upon which the defendant changes his plea from not guilty to guilty.

Hendricks was charged in District Court with eleven criminal charges. The first four counts included charges that he burglarized the Asa Wood School, the Libby Junior High School, the office of Dentist Richard S. Wood, and the automobile business of Higdem Auto Sales, all in Libby. The fifth count against him was that he committed theft of property at the Asa Wood School; the sixth that he committed theft of property from the Libby Junior High School; the seventh that he committed theft of a 1982 Capri motor vehicle, the automobile we are here discussing; the eighth that he committed theft in the tools taken from Higdem Auto Sales; the ninth that he committed theft in the property taken from the dentist's office; the tenth that he destroyed

- 2 -

property in the Asa Wood School; and the eleventh that he destroyed property in the Libby Junior High School.

Hendricks' attorney and the county attorney of Lincoln County entered into a plea bargain agreement, whereby Hendricks agreed to plead guilty to the four counts of burglary, and the county attorney agreed to dismiss all the remaining counts on the information. They agreed that the appellant should not be held accountable for the destruction of a 1982 Capri automobile. The parties also agree that the county attorney would make no sentencing recommendation or present any aggravating circumstances at Hendricks sentencing hearing. Hendricks was to make restitution of approximately $612 for tools taken from the Higdem Auto Sales premises.

As background information, it should be stated that on September 3, 1982, Hendricks and Barry Williams entered the Higdem Auto Sales building in Libby. Williams threw a rock through a rear window, and climbed through the window and then opened the door for Hendricks. Once inside, Hendricks and Williams siphoned gasoline from vehicles in the shop area and placed the gasoline in the gas tank of a yellow 1982 Capri automobile. They then placed tool boxes with mechanics tools inside the Capri. Hendricks rolled up the shop door, Williams drove the car outside, and Hendricks shut the door behind him.

Williams then drove the couple to Glacier National Park. At Glacier Park, they met with a youth, J.P. The three drove around and stopped in the early morning, leaving the automobile in a field near a lodge for park workers.

Later J.P., apparently independently of Hendricks and Williams, returned to the 1982 Capri, poured gasoline on it and set it afire.

- 3 -

In accordance with a plea bargain, the county attorney dismissed, and the District Court ordered dismissal of, all of the counts against Hendricks, except for the first four burglary charges. On February 14, 1983, also in accord with a plea bargain agreement, Hendricks changed his plea from not guilty to guilty of the four burglary counts contained in an amended information.

When Hendricks appeared in court for his change of plea, the District Court judge interrogated him extensively with respect to his understanding of the possibility of punishment, and the sentences applicable. He also informed the defendant, and the defendant said he understood that the district judge is not a participant in the plea bargain agreement and that the judge did not have to follow the recommendations of the county attorney or the defense attorney. The defendant then specifically admitted committing the offense of burglary in each of the four places named in the amended information against him. In the course of that interrogation, he informed the judge that he and Williams had taken the 1982 Capri from the Higdem Auto Sales premises.

At the change of plea hearing, the following colloquy occurred with respect to restitution:

> "THE COURT: I notice there was something about restitution, in the Agreement, in the amount of Four Hundred Eighty-some Dollars. Is that --
>
> "MR. NEWCOMER: Four Hundred Ninety-Five Dollars, Your Honor.
>
> "THE COURT: Is that the value of the tools --
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: --that were not recovered?"

At the end of the change of plea hearing there was further discussion of restitution:

> "THE COURT: Now, Mr. Hendricks, I notice that your Plea Bargain Agreement calls for restitution. Are you working?
>
> "THE DEFENDANT: Yes, I am, Your Honor.
>
> "THE COURT: All right. I expect, then, that you make a maximum effort to make that restitution. I think your attorney will tell you that, too, it's very important to me.
>
> "THE DEFENDANT: Yes, Your Honor.
>
> "THE COURT: Okay. Good enough."

There was no further discussion at that point with respect to restitution and the hearing ended on that note.

The next appearance of Hendricks before the District Court was for sentencing, on March 14, 1983. After proceeding routinely with that portion of the proceedings respecting whether there was any legal reason not to impose sentence and after hearing some testimony, the court again raised the question of restitution:

> "Q. (Mr. Newcomer) How about -- now the County Attorney's Office and I sat down and we tried to portion out the restitution and we agreed that Six Hundred Twelve Dollars would be your restitution. You paid One Hundred Seventy-Five Dollars this morning. How -- what's your plan for paying off the remaining amount?
>
> "THE COURT: Counsel, something's troubling me right there. Let's stop.
>
> "Let me ask you how you explain Six Hundred Twelve Dollars restitution. This is a joint and several obligation of these people who destroyed this car, is it not?
>
> "MR. NEWCOMER: No -- well, this -- Your Honor.
>
> "THE COURT: Now wait a minute! My -- senses, as a lawyer, kind of got stomped on there. Tell me.
>
> "MR. NEWCOMER: The car was taken by Mr. Williams and my client.
>
> "THE COURT: Okay.

- 5 -

"MR. NEWCOMER:  -- and it was left with this John Page.  My client and Mr. Williams had no idea that they were going to trash the car out--or have it destroyed.

"THE COURT:  It doesn't make any difference to me because they all participated in it, and all I can say is 'Yep, it's joint and several and everybody's stuck with the whole amount' . . ."

Thereafter, throughout the sentencing hearing, the court remained fixed in its position that restitution for the Capri would have to be made and inserted that in the sentencing order.

No discussion was had at the sentencing hearing or thereafter about a withdrawal of the plea and no motion was made by the defendant Hendricks to withdraw his plea.

In the recent case of State v. Cavanaugh (Mont. Decided December 23, 1983), ___ P.2d ___, 40 St.Rep. 2007, this Court pointed out that when there is a disparity between the anticipated punishment and the actual punishment meted out by the District Court, the plea bargain into which the defendant thought he was entering is not the plea bargain that is accepted by the trial judge.  This Court in that case further adverted to the Federal Rule of Criminal Procedure, 11(e)(4), under which the federal court which decides not to accept a plea bargain gives the defendant a chance to withdraw his plea.  We also adverted to the American Law Institute, A Model Code of Pre-arraignment Procedure, § 350.6 (Adopted May 20, 1975) and to the American Bar Association Standards Relating to the Administration of Criminal Justice:  The Function of the Trial Judge, § 4.1(c) (1974).  In Cavanaugh, this Court decided that because the concept of "fairness" has been added by the United State Supreme Court to the "voluntary" and "knowing" test used to determine whether you should be allowed to withdraw a guilty plea, that it would be

- 6 -

fundamentally unfair not to allow the defendant to withdraw his guilty plea under circumstances where the District Court refuses to accept the concessions granted by the State in a plea bargain agreement.

In this case, Hendricks was not given the opportunity to withdraw his plea of guilty of the four counts of burglary. Consonant with our holding in Cavanaugh, Hendricks should have been given that opportunity.

The complication of this case is that the State has already dismissed the remaining counts against Hendricks with prejudice. It would be manifestly unfair to allow Hendricks to withdraw his plea of guilty to those four charges which he has been convicted, and not to allow the State to refile against the defendant the remaining charges dismissed under the plea bargain agreement.

Accordingly, we remand this case to the District Court for the following proceedings:

1. On remand to the District Court, the defendant shall be returned for further proceedings before the District Court in connection with his sentence. If the trial judge decides that the final disposition of this case should not include the restitution concessions contemplated by the plea bargain agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty. American Bar Association Standards Relating to the Administration of Criminal Justice: Pleas of Guilty, § 3.3(b) (1974).

2. Before the defendant is given the opportunity to withdraw his plea, however, the county attorney shall be allowed to present evidence, if any, of prejudice to the State resulting from its inability to prosecute the charges

which had been dismissed under the plea bargain. If the court finds prejudice to the State such that withdrawal of the guilty plea would result in injustice, the convictions now existing shall be affirmed.

3. If the county attorney does not present such evidence of prejudice, or if the District Court finds no prejudice to the State in reinstating the dismissed charges, the defendant must, if he decides to withdraw his plea of guilty, agree as a condition thereto that the county attorney may refile in the District Court the dismissed criminal charges against him which were subject to the plea bargain agreement, and further agree that in subsequent criminal proceedings as to those charges he will not raise the issue of estoppel, res judicata, double jeopardy or any other defense which attacks the propriety of refiling the dismissed criminal charges.

4. If the defendant decides not to withdraw his guilty plea and to stand upon his plea of guilty to the four charges of burglary upon which he has been convicted, the sentence of the District Court, including restitution for the Capri automobile is hereby affirmed.

John C. Shelley
Justice

We Concur:

John Conway Harrison

- 8 -

_____

_____
          Justices


Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

The majority relies upon State v. Cavanaugh, supra, for its order remanding this case for further proceedings.

I respectfully dissented in Cavanaugh, but I now accept that holding as Montana law. However, that opinion clearly states that it was to be applied prospectively only, and its use retroactively appears to me to be a misapplication of the law.

In my view, Judge Holter was correct in requiring that full restitution be made to the innocent victim, and I would therefore affirm the sentence.

_____
Justice

Mr. Justice Daniel J. Shea concurring and dissenting:

I join the opinion holding that defendant Hendricks should have been given the opportunity to withdraw his plea of guilty to the four counts of burglary. However, I do not agree with that part of the opinion giving the county attorney the power to prevent withdrawal of the pleas by presenting evidence of prejudice to the State if a trial were required.

The question of whether defendant should have been granted the right to withdraw his pleas of guilty is a due process question and cannot be tied to the State's ability to prosecute once the pleas are withdrawn. Therefore I would grant to the defendant the choice of whether he will withdraw his pleas of guilty and go to trial. I do agree, however, that if defendant makes this choice, it is fair that the State should be permitted to reinstate and proceed with the dismissed charges.

Daniel J. Shea
Justice

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 83-258

STATE OF MONTANA,

Defendant and Respondent,

vs.

JOHN TICE HENDRICKS,

Plaintiff and Appellant.



FILED

DEC 31 1984

*Ethel M. Harrison*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER ON REHEARING

This Court handed down its original opinion in this cause on February 27, 1984, reported in 41 St.Rep. 315.

Hendricks was convicted of burglary in the District Court, Ninteenth Judicial District, Lincoln County. He was sentenced to three years in each of four offenses, to be served consecutively, but his sentence of imprisonment was suspended upon certain conditions. One of the conditions was that he make restitution for an automobile valued at $12,000. Hendricks appeals from that portion of the sentence requiring him to make restitution for the value of the automobile.

Because the State and Hendricks had entered into a plea bargain, through their respective counsel, and because the District Court chose not to follow the terms of the plea bargain, this Court in its original opinion, under our holding in State v. Cavanaugh (Mont. 1983), 673 P.2d 482, 40 St.Rep. 2007, remanded the cause to the District Court for further proceedings. In our original opinion here, we said that if on remand the District Court decided on final

- 1 -

disposition of the case not to agree to the restitution concessions involving the 1982 Capri automobile, it should give the defendant a chance either to affirm or withdraw his plea of guilty. However, we also provided that if the county attorney presented evidence of prejudice to the State resulting from its inability to prosecute other charges which have been dismissed under the plea bargain, then the sentence would be affirmed.

The original opinion in this cause was decided by a panel of five Justices assigned to the case. Three of the justices agreed to the remand for further proceedings on the basis just stated. A fourth justice agreed that Hendricks should have the opportunity to withdraw his plea of guilty, but that the county attorney should not be able to prevent the withdrawal of his plea of guilty by presenting evidence of prejudice to the state if a trial were required. A fifth justice dissented in any event to the remand.

The State petitioned for a rehearing, contending that only three justices of the Court had decided to allow the State to show evidence as to the dismissed charges, if the defendant withdrew his plea. The State contended therefore, that the opinion as written was not a decision of the majority of the Court.

We granted rehearing and oral argument was had on the matter before this Court on September 24, 1984. On reconsideration by the full Court,

IT IS NOW HEREBY ORDERED:

1. The sentence imposed upon the defendant John Tice Hendricks is modified by striking therefrom all provisions relating to restitution to be made by him for or on account

- 2 -

of the 1982 Capri automobile, and as so modified, the judgment of the District Court is affirmed.

2. This Order is prospective only, and shall apply only to payments not heretofore made by Hendricks relating to said 1982 Capri automobile.

DATED this 31st day of December, 1984.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
            Justices


Mr. Justice L. C. Gulbrandson, dissenting:

I dissent for the same reasons stated in my dissent to the Opinion in this cause.

_____
                Justice

- 3 -